# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:10CR170-21-HEH |
| ) | |
| CHRISTOPHER I. TIMBERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Defendant's Motion in Limine to Preclude Admission of Co-conspirator Hearsay Statements; Motion for a Bill of Particulars; and Motion to Sever Count 5, Alleging that the Defendant Violated "CD"'s Civil Rights by Assaulting Him Because of His Race, in Violation of 18 U.S.C. § 245(b)(2)(F), Pursuant to Rule 14 of the Federal Rules of Criminal Procedure)

The Defendant, Christopher I. Timbers, was indicted by a federal grand jury on June 10, 2010, for conspiracy to violate the Racketeer and Influenced Corrupt Organizations Act, 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Violence in Aid of Racketeering, 18 U.S.C. § 1959(a)(6) (Count 2); Violence in Aid of Racketeering, 18 U.S.C. §§ 1959 and 2 (Count 3); Possession of Firearms in Furtherance of Crimes of Violence, 18 U.S.C. §§ 924(c) and 2 (Count 4); Violation of a Civil Rights Act, 18 U.S.C. §245(b)(2)(F) (Count 5); and Possession of a Firearm by a Felon and Unlawful User of Controlled Substances, 18 U.S.C. §§ 922(g)(1) and (3) (Count 7). The matter is before the Court on several pretrial motions filed by the Defendant. Both the Defendant and the government have filed memoranda supporting their respective positions. With respect to those motions addressed below, the Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and

argument would not aid in the decisional process.

The Defendant's first motion is for a Bill of Particulars seeking greater specificity with respect to certain allegations in the Indictment. The office of a bill of particulars is to amplify the indictment by providing either missing or additional essential information critical to the effective preparation for trial. *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). It is not a discovery vehicle and should not be used "to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars should be granted only when the charges in the indictment are so general that they fail to advise the defendant of the specific acts of which he is accused. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). It is also not intended to allow the defendant to preview the government's evidence or its legal theory. Ordinarily, when each count of the indictment contains a correct recital of the code section violated, the denial of a bill of particulars is not an abuse of discretion. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965).

In requests one and two of the Motion for a Bill of Particulars, the Defendant seeks the exact date (including day, month, year, and time) and the exact location that the Defendant possessed a firearm as alleged in Count 7 of the Indictment. Count 7 states that the Defendant possessed a firearm "on or about April 5, 2009, in the Eastern District of Virginia." (Indictment 44.) Absent an alibi defense, or an allegation of multiple possessions of an alleged firearm on a single day, the exact time of the offense is not

essential to the effective preparation of trial. On the other hand, the Defendant's request for the location of the alleged possession will be granted. The government will provide the Defendant with a general description of the location where it alleges the Defendant unlawfully possessed a firearm in Count 7.

The third, fourth, and fifth elements of the Motion for a Bill of Particulars seek a description of the specific acts allegedly committed by the Defendant in Counts 2, 3, and 4 of the Indictment. This request asks for greater specificity than required in a bill of particulars. In effect, it seeks a detailed disclosure of the government's evidence supporting Counts 2, 3, and 4 of the Indictment in advance of trial. Therefore, requests three, four, and five of Defendant's Motion for a Bill of Particulars will be denied.

Next, the Defendant moves in limine to preclude admission of co-conspirator hearsay statements. The Defendant urges the Court to review any out-of-court statements of co-conspirators that the government intends to offer as evidence at trial before they are admitted. In order to minimize the prejudicial impact of such statements, the Defendant suggests that the Court make a determination as to their admissibility before the statements are presented in trial to the jury. In support of this Motion, the Defendant relies on *United States v. Gantt*, 617 F.2d 831, 845 (D.C. Cir. 1980).[1]

---

[1] The Defendant's reliance on *Gantt* appears to be misplaced. The D.C. Circuit did not adopt the rigid rule announced in the earlier panel decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). In *Gantt*, the Court embraced the widely accepted policy of vesting the trial court with discretion to conditionally admit declaration of co-conspirators "subject to connection." *Gantt*, 617 F.2d at 845.

3

Judicial screening of co-conspirators' statements before being admitted into evidence during the government's case-in-chief appears to have its genesis in the Fifth Circuit decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). The Fourth Circuit has, however, rejected this formalistic requirement of a preliminary hearing to determine the existence of a conspiracy before statements can be admitted under Federal Rule of Evidence 801(d)(2)(E). *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). As the Fourth Circuit pointed out in *United States v. Blevins*, "[i]nstead, we allow a trial court to conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission." *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (citing *Hines*, 717 F.2d at 1488). "Moreover, we do not believe that a trial judge is required to set out on the record his reasons for making this evidentiary ruling . . . ." *Id.*

This Court will follow the teachings of *Blevins* and allow co-conspirators' statements to be conditionally admitted subject to subsequent proof by the government that they were made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

Finally, the Defendant moves the Court to sever Count 5 which alleges a criminal civil rights violation, 18 U.S.C. § 245(b)(2)(F). The Defendant contends that trial on Count 5 with the other counts in the Indictment is not only inflammatory and overly

4

prejudicial, but is unconnected with the overarching racketeering conspiracy. The Court will defer ruling on the Defendant's Motion to Sever Count 5, "Alleging that the Defendant Violated "CD"'s Civil Rights by Assaulting Him Because of His Race, in Violation of 18 U.S.C. § 245(b)(2)(F), Pursuant to Rule 14 of the Federal Rules of Criminal Procedure," pending oral argument on September 2, 2010 at 2:00 p.m.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Dated: Aug 20 2010
Richmond, Virginia

5