## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:10CR170-21–HEH |
| | ) | |
| CHRISTOPHER TIMBERS, | ) | |
| | ) | |
| Petitioner. | ) | |

### MEMORANDUM OPINION
**(Denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
Pursuant to 28 U.S.C. § 2255)**

Petitioner Christopher Timbers ("Petitioner"), a federal inmate who proceeds *pro se*, was convicted by a jury of this Court on December 21, 2010 of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. §§ 1961–1968; conspiracy to commit violence in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6); and violence in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(3) and (2). On April 8, 2011, the Petitioner was sentenced to 87 months of imprisonment on Counts One and Three, to be served concurrently. He was also sentenced to 36 months on Count Two, to run concurrently with the sentence imposed on Counts One and Three. Petitioner's convictions were affirmed by the United States Court of Appeals for the Fourth Circuit on August 2, 2012. *Werth v. United States*, 493 F. App'x 361, 364 (4th Cir. 2012). His Petition for Certiorari was denied by the United States Supreme Court on February 19, 2013. The Petitioner is currently serving his sentence at Federal Correctional Institute Elkton, Lisbon, Ohio.

The Petitioner's case is again before this Court on his Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, which he has filed *pro se.*

Although the petition embraces claims of ineffective assistance of counsel, inadequacy of

the indictment, and misapplication of sentencing guideline enhancements, the central

focus of his petition is a reargument of the strength of the government's case. Many of

Petitioner's claims have been specifically rejected by the Fourth Circuit in its

unpublished per curium opinion of August 2, 2012. *See Werth*, 493 F. App'x 361, 365–

70. Moreover, this Court's analysis begins by recognizing the well-settled principle that

unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral

review is limited. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). As Chief Justice

Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically

been regarded as an extraordinary remedy, a bulwark against convictions that violate

fundamental fairness. . . . Accordingly, it hardly bears repeating that an error that may

justify reversal on direct appeal will not necessarily support a collateral attack on a final

judgment." 507 U.S. 619, 633–34 (1993) (internal quotation marks and citations

omitted). Errors of law do not typically provide a basis for habeas relief under 28 U.S.C.

§ 2255 unless it constitutes "a fundamental defect which inherently results in a complete

miscarriage of justice." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

Petitioner's first claim challenges the sufficiency of the government's evidence to

support his conviction for conspiracy to violate RICO, charged in Count One. Petitioner

also contends that the charging language in Count One failed to properly plead a violation

of 18 U.S.C. § 1962(d). Although Petitioner was afforded an opportunity to raise the

2

issue of the adequacy of the indictment on direct appeal, he failed to do so. As a result, Petitioner is barred from raising the claim in a subsequent § 2255 proceeding. *See United States v. Frady*, 456 U.S. 152, 165 (1982). Defenses and objections based on defects in the institution of the prosecution or in the indictment may be raised only by motion before trial. Fed. R. Crim. P. 12(b)(3)(A), (B). And failure to do so constitutes a waiver thereof. Fed. R. Crim. P. 12(e). As the Fourth Circuit further explained, "[u]nless an indictment is so facially defective as to fail to charge an offense, it may not be challenged on a motion to vacate sentence. . . . [It] is properly a matter for direct appeal." *Hall v. United States*, 410 F.2d 653, 659 (1969) (internal citations omitted).

Even if properly reviewable on a § 2255 challenge, this Court would find the charging language to be more than adequate. The allegations in Count One track the statutory elements of RICO. There is no necessity, as Petitioner contends, for the United States to delineate the specific elements of state and federal statutes underlying the allegation of extortion as a predicate act of racketeering. *See United States v. Glecier*, 923 F.2d 496, 499–500 (7th Cir. 1991), *cert. denied*, 502 U.S. 810 (1991). There is also no requirement for an indictment to particularize the specific predicate acts committed by the defendant in furtherance of the conspiracy. The indictment in this case described in considerable detail the structure, operation, membership, and objectives of the Outlaws motorcycle gang, of which the Petitioner was a part. It alleged that the organization, in pursuing its agreed upon goals, engaged in criminal acts involving murder, attempted murder, assault, robbery, extortion, arson, and obstruction of justice, to maintain control over its geographic areas of dominance. The indictment in this case was more than

adequate to advise him of the nature of the charge and afford him an opportunity to craft his defense.

Similarly, the second facet of Petitioner's first claim, which in effect seeks to relitigate the sufficiency of the evidence to support his conviction on Count One, is also barred from review under § 2255. On direct appeal, the Fourth Circuit found substantial evidence to support his conviction. The appellate court took particular note that the trial evidence revealed that Petitioner conspired to commit a number of predicate acts in aid of the racketeering enterprise. These consisted of conspiracy to distribute controlled substances and tampering with witnesses. With respect to Petitioner's claim that the evidence failed to implicate him directly in any act of extortion, the Fourth Circuit rejected this argument, noting that "this level of personal involvement is not necessary to prove guilt on predicate offenses sufficient to uphold a RICO conspiracy conviction." *Werth*, 493 F. App'x at 370 n.6.

The evidence offered by the United States at trial portrayed the Petitioner as a significant participant in the operation of the Outlaws motorcycle gang. The organization used force and violence to expand their control of territory, forcibly eliminate competing motorcycle organizations, solicit smaller motorcycle clubs into the membership, and require various fees and assessments for organization participation. (Trial Tr. at 47–50, 932–33, 1034; ECF Nos. 937, 939, 940.) On several occasions in which the Outlaws sought out other rival motorcycle gangs for the purpose of removing them from territory controlled by the Outlaws, Petitioner was present and participated. (Trial Tr. at 746–49; 1745–46; ECF Nos. 939, 943.)

4

The third element of Petitioner's first claim appears to be the product of a misunderstanding of the law. Initially, Petitioner prefaces his argument by restating that there was insufficient evidence to support his conviction for conspiracy to violate RICO. For the reasons articulated above, this argument lacks merit. Alternatively, Petitioner argues that his Fifth Amendment rights were violated when the Court imposed sentencing guidelines enhancements for possession of a firearm during a confrontation at the Cockades Bar in Petersburg, Virginia, on March 14, 2009, pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") §2B3.2(b)(3)(A)(iii), and for bodily injury to a victim during that incident, under U.S.S.G. §2A2.2(b)(3)(A).[1] Central to his argument is the fact that Petitioner was acquitted of the charge of possession of a firearm in furtherance of a crime of violence, Count Four. The plausible evidence offered at trial revealed that the Petitioner possessed a firearm on several occasions during his participation in the conspiracy.

Petitioner's acquittal on Count Four does not preclude application of the enhancement under an advisory sentencing regime. In *Rita v. United States*, the United States Supreme Court squarely rejected plaintiff's argument that sentencing-related facts underlying guideline enhancements are required, under the Sixth Amendment, to be made by a jury. 551 U.S. 338, 352 (2007). As the Court noted, "[t]his Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." *Id.*

---

[1] The Court also denied the government's motion for upward variance.

Even though the Petitioner was charged in Count Four with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2, he further maintains that the sentencing enhancement violated his Sixth Amendment right "to be informed of the nature and cause of the accusation of possessing a firearm during the commission of the crime of extortion was violated." (Petr.'s Mem. in Support at 10, ECF No. 1020.) Petitioner states that "[t]he indictment failed to give Timbers sufficient notice that he would have to defend himself against a charge that he possessed a firearm while committing a crime of extortion." (*Id.*) In the detailed description of the methods and means used to affect the conspiracy to engage in racketeering activities, the indictment clearly mentions the possession and use of firearms.

Turning to Claim Two, Petitioner contends that his

rights under the 6th Amendment and Due Process Clause of the United States Constitution were violated. Because the element of "Assault with a Dangerous Weapon" was not present in the conduct presented to the jury. Thus there was insufficient evidence to support a guilty verdict beyond a reasonable doubt to the crime as charged in Count Three of the indictment.

(Petr.'s Mem. in Supp. at 14.) Count Three charged violence in aid of racketeering.

As the United States correctly points out, this claim is foreclosed by its prior review by the Fourth Circuit. Because this claim was addressed and rejected on direct appeal, it cannot be relitigated under § 2255 absent new facts or evidence of a favorable change in the governing substantive law. *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). In its unpublished per curiam opinion in *Werth*, the Fourth Circuit concluded that

6

As to Count 3, the government presented evidence that Timbers participated in an assault of and standoff with a rival motorcycle gang in a bar in Richmond. Specifically, Timbers was engaged in planning sessions before the incident, and he served as a cover for another Outlaws member who stood across the street from the bar and attempted to draw in members of a rival motorcycle gang. After a fight ensued in the bar and a rival gang member was seriously injured, Timbers joined other Outlaws members outside in a "battle wedge" formation to search for members of the rival gang. The group found and approached rival gang members, and one of the Outlaws members made threatening comments while showing that he was carrying a pistol. Although Timbers may not have engaged in any violence personally, he certainly aided and abetted the violence central to this incident. Therefore, the evidence is sufficient to uphold Timbers' conviction on Count 3. See 18 U.S.C. §§ 1959(a)(3) and (2); Va. Code Ann. §§ 18.2-22, -51, -282.

*Werth*, 493 F. App'x at 370. Therefore, Petitioner's Count Three claim will be dismissed as barred.

Turning next to Petitioner's third claim, he asserts that the district court erred in allowing the United States to introduce evidence of an assault on an African-American male in a Fredericksburg, Virginia restaurant. In his view, such evidence deprived him of his Due Process rights and a fair trial. He further argues that the evidence should have been excluded under Fed. R. Crim. P. 404(b). Petitioner misunderstands the grounds articulated by the Court for admitting such evidence.

The assault on Clifford Diggs, an African-American male, by a member of the Outlaws in a Fredericksburg restaurant was listed as an overt act in Count One, the conspiracy to violate the RICO Act, and in Count Five, which charged the Petitioner with a substantive civil rights offense. On Petitioner's motion, the Court severed Count Five from the balance of the indictment. The Court, however, allowed the United States to

introduce evidence of the assault itself but, to minimize prejudice to the defendants, the Court excluded any references to racial epithets or the race of the victim.

On direct appeal, the Fourth Circuit considered this very argument and concluded, "we find that the assault was intrinsic to the RICO conspiracy and, therefore, conclude that the district court did not abuse its discretion in permitting the government to introduce evidence of the assault." *Werth*, 493 F. App'x at 369. Not only is Petitioner's third claim meritless, it is barred by its rejection on direct appeal. *Roane*, 378 F.3d at 396 n.7.

The fourth claim advanced by Petitioner is closely allied with his argument on Count One that the sentencing enhancements imposed by the Court were unconstitutional. Again, misconstruing the law, he contends that the sentencing enhancements he received for possession or brandishing a firearm, U.S.S.G. §2B3.2(b)(3)(A)(iii), and causing significant bodily injury to a victim, U.S.S.G. §2A2.2(b)(3)(A), required factual findings by a jury. Petitioner's faulty reasoning flows from his apparent misunderstanding of language in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155. Petitioner asserts "[y]our movant . . . now contends that, under *Alleyne*, the judge's findings used to enhance his federal sentence beyond the prescribed mandatory minimum is violative of his Sixth Amendment rights." (Petr.'s Supplemental Mem. at 2, ECF No. 1026.)

8

The sentencing process in Petitioner's case was not governed by any mandatory minimum sentence provisions. The enhancements imposed on Count One in no way affected his statutory sentencing range, only his advisory sentencing guidelines. The teachings of *Alleyne* and its holding have no effect on the immediate case at hand.[2]

Petitioner's final claim impugns the representation of his counsel at virtually all stages of the proceedings—from trial through appeal. He contends that his counsel failed to investigate the facts of the case, research relevant legal issues, and neglected to raise significant points on appeal. Despite a broad array of challenges to the wisdom and judgment of his counsel, Petitioner has not demonstrated that counsel's performance was inadequate, ineffective, or prejudicial.

To prevail on a claim of ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficiency prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] In reviewing Petitioner's fourth claim, the Court incorporated the arguments contained in his supplemental memorandum (ECF No. 1026), amplifying his argument on the *Alleyne* claim.

outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697; *see also Hutchins v. Garrison*, 724 F.2d 1425, 1430–31 (4th Cir. 1983). To show prejudice, Petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal quotation marks and citation omitted).

Initially, Petitioner contends that his counsel failed to investigate and develop an adequate defense to the indictment, specifically Count One, conspiracy to violate the RICO Act. Petitioner suggests that counsel should have focused more attention on disproving the extortion allegation contained in the methods and means section of that count. As discussed above, the Fourth Circuit found the evidence more than sufficient to show acts of extortion by members of the Outlaws motorcycle gang. That court further noted that his personal involvement in such acts was unnecessary. *Werth*, 493 F. App'x at 370 n.6. Petitioner identifies no specific acts or omissions of his counsel that would have changed the outcome of the proceedings. Petitioner is therefore unable to show either deficient performance or prejudice with respect to representation at trial.

On the final front, Petitioner finds fault with his counsel's representation on appeal. He maintains that counsel failed to raise a number of arguments, including sufficiency of the evidence to support the extortion conviction on Count One, evidence of the assault on Clifford Diggs, an African-American male in a restaurant in Fredericksburg, Virginia, and what he considers to be the erroneous application of the sentencing guidelines. As discussed in detail above, Petitioner's perception of

10

ineffectiveness flows from his misunderstanding of the law and misconstruction of the evidence. It is well established in the Fourth Circuit that reviewing courts must accord appellant counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). With respect to Petitioner's claim that counsel failed to challenge the sufficiency of the evidence pertaining to acts of extortion by the Outlaws and the admission of evidence concerning the assault on Mr. Diggs, he is simply incorrect—both were considered and rejected by the Court of Appeals. If raised on appeal, the sentencing issues would have fared no better since they are predicated on a misapplication of the law. It is apparent from a review of the record that Petitioner's counsel chose to focus the attention of the appellate court on those issues which presented the best prospect for a favorable outcome. In the final analysis, Petitioner has failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness. His Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will therefore be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Petitioner

has not satisfied this standard.  Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 7, 2014
Richmond, Virginia